IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| NOBLE SUPPLY & LOGISTICS, LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 5:23-cv-00065 (EKD) |
| ) | |
| REBECCA CURRY ) | |
| ) | |
| Defendant. ) | |
| ) | |

**REPLY IN SUPPORT OF MOTION FOR INJUNCTION PENDING APPEAL**

For four months, while the now-vacated TRO was in place, Curry undisputedly was able to work for her new employer, SupplyCore, and continued to receive the same salary and benefits as she would have absent the TRO. That should come as no surprise. The terms of that narrowed TRO merely enforced the terms of the Expectations Letter that Curry signed and provided to Noble when she began her employment with SupplyCore. Noble asks this Court for nothing more than to restore that status quo while the Fourth Circuit considers Noble's expedited appeal of this Court's preliminary injunction order.

Such an injunction is clearly warranted. Curry cannot credibly argue that she would be harmed by an injunction mirroring the terms of that agreement. And, indeed, despite her overheated rhetoric, she does not. By contrast, this Court has already recognized that Noble *will* suffer irreparable harm absent an injunction requiring Curry to abide by the terms of the Expectations Letter (and, Noble maintains, the noncompete provision she signed). Curry's suggestion that Noble waived its argument for irreparable harm is based on a facially implausible interpretation of Noble's previous arguments.

Now, to be sure, this Court has taken a different view of the merits of Noble's appeal. Noble respectfully submits, however, that this Court erred and the Fourth Circuit is likely to agree. The Court need not revisit its ruling to acknowledge that possibility. As Curry herself has recognized, the Virginia Supreme Court has upheld the enforceability of noncompetes with almost identical—if not, broader—terms. And the Fourth Circuit may well interpret Noble's attempts to narrow this dispute differently than this Court.

At Noble's request (and over Curry's opposition), the Fourth Circuit has expedited its consideration of Noble's appeal. Order, No. 24-2013 (4th Cir. Oct. 21, 2024), ECF No. 12. Noble looks forward to a prompt resolution. In the meantime, this Court should grant Noble's motion for an injunction pending appeal, restore the previous status quo, and allow the Fourth Circuit time to consider Noble's appeal without unnecessarily exposing Noble to irreparable harm.

## ARGUMENT

Noble satisfies all four factors the Court must consider in determining whether to grant an injunction pending appeal. Curry's arguments to the contrary are unpersuasive.

### I. Noble is likely to succeed on the merits of its appeal.

Curry does not dispute that to grant Noble's motion, this Court need not "concede it was incorrect or change its mind." *Amazon.com, Inc. v. WDC Holdings LLC*, No. 20-cv-484, 2020 WL 7680552, at *1 (E.D. Va. Sept. 4, 2020). Instead, the Court need only consider whether "the 'issues presented on appeal could be rationally resolved in favor of the party seeking the [injunction].'" *Id.* (citation omitted). Contrary to Curry's contentions, the Fourth Circuit could rationally rule—and is likely to rule—that the noncompete is neither durationally nor functionally overbroad.

This Court has already twice held that the 12-month duration of the noncompete is reasonable. Rightly so. Virginia courts have repeatedly enforced noncompetes with durations

2

longer than 12 months. *See, e.g.*, *Update, Inc. v. Samilow*, 311 F. Supp. 3d 784, 789 (E.D. Va. 2018). Curry nevertheless asks this Court, yet again, to base its ruling on the terms to which *other* Noble employees are bound. For the reasons its already stated, the Court should again decline that request. *See* Mem. Op., ECF No. 73, at 19; *see also Omniplex World Servs. Corp. v. U.S. Investigations Servs., Inc.*, 618 S.E.2d 340, 342 (Va. 2005) (holding that "[e]ach non-competition agreement must be evaluated on its own merits"). The 12-month restriction in Curry's noncompete is a reasonable period to prevent an employee who had access to confidential vendor information from attempting to poach Noble's clients immediately upon ending her employment.

That leaves the parties' dispute about the scope of the noncompete's functional restriction—a dispute that will undoubtedly be the focus of the appeal and that the Fourth Circuit will review *de novo*. In Noble's view, the answer is straightforward. The noncompete prohibits Curry only from providing to a competitor "the same or substantially similar services" as those that she performed for Noble. (Agreement ¶ 5). As Curry previously recognized, that scope was tailor-made to comply with Virginia law. *See* TRO Hrg. Tr. 18:19–21 (acknowledging that "the words in the agreement were drafted in an attempt to comply with the law"); *see, e.g.*, *Blue Ridge Anesthesia and Critical Care, Inc. v. Gidick*, 389 S.E.2d 467, 468 (Va. 1990) (holding enforceable a noncompete barring employment for three years for "any competitor … which renders the same or similar services as [the former employer]").

Instead of grappling with the language of the agreement or its own previous assertions, Curry casts aspersions on Noble's counsel and levels unfounded accusations about Noble's motives. Suffice to say, we disagree. What Curry sees as a nefarious attempt to punish her, the Fourth Circuit is likely (and correctly) to view as Noble's reasonable efforts to conform the requested judicial relief to the developing record, while asserting its right to enjoy the benefit of its bargain and avoid irreparable harm. *See* TRO Hrg. Tr. 18:21–23 (recognizing that the dispute

3

concerns "the application" of the agreement to the facts of this case). At a minimum, the Fourth Circuit could *rationally* view the issue in that manner. And that is enough, under the first factor, to justify holding the status quo while Noble seeks that review.

## II. Noble will be irreparably harmed absent an injunction pending appeal.

Curry's contentions on the remaining equitable factors are no more persuasive. Rather than disputing that she will directly compete with Noble and attempt to divert its clients to SupplyCore absent an injunction, Curry argues that Noble waived any argument to the contrary. Curry's assertion blatantly contradicts the record.

At the evidentiary hearing, Noble explained to this Court that it was not going to present evidence that a vendor had stopped doing business or reduced its business with Noble *because* "Noble acted quickly here" and "did not wait to seek to enforce its rights as to Ms. Curry." PI Hrg Tr. 14:13–15. As a result of Noble's prompt action, Noble observed, this Court entered a TRO prohibiting Curry from violating the noncompete and directly competing with Noble. And, as Noble explained, this Court's TRO was effective.

Curry now argues that, because Noble's prompt action to enforce its rights was effective, it has somehow waived its ability to assert that, absent the very TRO that protected it from irreparable harm previously, it will be irreparably harmed during the pendency of its appeal. Nonsense. That I am not wet does not mean I did not need the umbrella. Noble has consistently argued that an injunction enforcing the noncompete is necessary to protect it from irreparable harm. Now that the TRO is no longer in effect, Noble is once again exposed to the risk of irreparable harm in the form of the loss of vendor business and goodwill.

### III. Curry will not be substantially harmed by an injunction pending appeal.

Curry does not dispute that the injunction that Noble requests—restricting her from performing work in the tactical and medical sectors only—requires nothing more than the terms of the Expectations Letter she signed when she began her employment with SupplyCore. And she fails to explain how enforcing the terms of the Expectations Letter will substantially harm her. Instead, she argues that she would be harmed by the terms of an injunction with different and broader terms. Whether the initial injunction was properly tailored is not the question before the court, and it has no bearing on the appropriate relief now.

### IV. The public interest favors an injunction pending appeal.

Curry does not dispute that "the public has an interest in the enforcement of valid contracts and in protecting the rights of local businesses." Mem. Op. and Order, ECF No. 31, at 16–17 (citations omitted). Instead, she emphasizes that Virginia also has a public policy against enforcing *un*reasonable noncompetes. But, as Noble has explained, the noncompete restricting Curry is reasonable and enforceable.

Finally, Curry argues that the Court should deny relief because the Fourth Circuit may not resolve the appeal before an injunction pending appeal would expire on its own terms. But Curry has repeatedly opposed further expediting the Fourth Circuit appeal. *See* Opp. to Mot. to Expedite, No. 24-2013 (4th Cir. Oct. 21, 2024), ECF No. 10; Notice Regarding Oral Argument, No. 24-2013 (4th Cir. Oct. 21, 2024), ECF No. 14. And it was Curry that initially proposed that this Court stay further consideration of this dispute pending that appeal. She should not be rewarded by denying Noble's ability to seek interim relief to which it is otherwise entitled.

5

**CONCLUSION**

For these reasons, the Court should grant the motion for an injunction pending appeal.

This the 30th day of October, 2024.

                    Respectfully submitted,

                    */s/ Peter N. Farley*
                    Peter N. Farley (VA Bar No. 34592)
                    McGuireWoods LLP
                    1075 Peachtree Street NE,
                    35th Floor
                    Atlanta, GA 30309
                    T: (404) 443-5623
                    F: (404) 443-5680
                    pfarley@mcguirewoods.com

                    *Counsel for Plaintiff Noble Supply & Logistics, LLC*

## CERTIFICATE OF SERVICE

On October 30, 2024, the foregoing ***Reply in Support of Motion for Injunction Pending Appeal*** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

This, the 30th day of October, 2024.


*/s/ Peter N. Farley*
Peter N. Farley
MCGUIREWOODS LLP
1075 Peachtree Street NE,
35th Floor
Atlanta, GA 30309
T: (404) 443-5623
F: (404) 443-5680
pfarley@mcguirewoods.com